UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANK L. MCCALL, JR., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | CASE NO.  C06-1038-JLR-MJB |
| ) | |
| v. ) | |
| ) | |
| CITY OF BATON ROUGE, *et al.*, ) | REPORT & RECOMMENDATION |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff is currently in custody in Winnfield, Louisiana.  He has submitted a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, along with an application for leave to proceed *in forma pauperis*.  For the reasons discussed below, the court recommends that the complaint and this action be dismissed without prejudice.

Plaintiff's complaint is directed against the City of Baton Rouge and officials who reside in Baton Rouge and elsewhere in Louisiana.  Plaintiff claims, among other things, that these officials have violated plaintiff's constitutional rights because they have "not allow[ed] the writ of habeas corpus to be entertained in the Louisiana state courts nor the Louisiana federal courts in an attempt to cover up for Justice Jeffrey P. Victory of the Louisiana State Supreme Court." (Complaint at 11-12).

Because the defendants named in the complaint reside outside this judicial district, and the claim arose outside this district, plaintiff has filed this lawsuit in the improper venue.  *See* 28

U.S.C. § 1391(b).  The proper venue for this action appears to be in the United States District Court for the Middle District of Louisiana in Baton Rouge, Louisiana.  While plaintiff contends that the Middle District of Louisiana is not the proper venue because of "prejudice, bias, and malice or corruption" in that District (Complaint at 7), he offers no evidence to support these allegations.

When, as here, a case is filed in the improper venue, the district court may, if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.  28 U.S.C. § 1406(a).  The court's research into plaintiff's litigation history reveals that this case could not have been brought in the Middle District of Louisiana because plaintiff has had at least four cases in that district dismissed as frivolous.[1]  Plaintiff thus has accumulated three strikes under 28 U.S.C. § 1915(g), and he can proceed *in forma pauperis* only if he can show that he "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Plaintiff has not made such a showing.  Accordingly, the court recommends that plaintiff's complaint and this action be dismissed without prejudice.  A proposed Order is attached.

DATED this 1st day September, 2006.

MONICA J. BENTON
United States Magistrate Judge

---

[1] Notwithstanding plaintiff's assertion that he has had only one case dismissed as frivolous (Complaint at 6), the records of the Middle District of Louisiana show that he has had the following four cases dismissed as frivolous or for failure to state a claim: *Frank L. McCall Jr. v. Richard L. Stalder, et al.*, No. 96-0951 (W.D. La.);  *Frank L. McCall Jr. v. Richard L. Stalder, et al.*, No. 96-0986 (W.D. La.); *Frank L. McCall Jr. v. Richard L. Stalder, et al.*, No. 96-1565 (W.D. La.); *Frank L. McCall Jr. v. Catherine M. Estopinal, et al.*, No. 96-1753 (W.D. La.).